UNITED STATES DISTRICT
COURT MIDDLE DISTRICT OF
FLORIDA TAMPA DIVISION

ORYSIA POPADYUK,

     Plaintiffs,

vs.                            Case No.

UNITED STATES OF AMERICA,

     Defendant.

_____;

## **COMPLAINT**

     Plaintiff, ORYSIA POPADYUK, sues the United States of America, and alleges:

## **JURISDICTION AND VENUE**

1.    This is an action for damages.  This Court has jurisdiction pursuant to 28 U.S.C. §

1346(b)(l).

2.    Venue lies in the Middle District of Florida pursuant to 28 U.S.C. §

1402(b), as the motor vehicle collision giving rise to this action occurred in

Sarasota County, Florida.

3.    Plaintiff ORYSIA POPADYUK is a resident of North Port,

Sarasota County,  Florida.

4.    Under 28 U.S.C. § 2679(a), Defendant United States of America is

the proper defendant in actions for the negligence of the United States Postal

Service (USPS), an independent establishment of the executive branch of the United States of America.

5.    All conditions precedent to the maintenance of this cause of action have been performed or have occurred. On January 23, 2025, Plaintiff submitted the claim set forth in this Complaint by registered mail in a **Standard Form 95** as prescribed by the Department of Justice under 28 C.F.R. § 14.2 to the United States Postal Service, a copy of which is attached hereto as **Exhibit 1**.

6.    More than six month have passed since the filing of the claim, and the claim has not been denied, and no denial has been sent by registered or certified mail to Plaintiff, as contemplated by 28 U.S.C.A. § 2401(b).[1] Therefore, Plaintiff elects to deem the failure of the agency to make final disposition of a claim within six months as a final denial of the claim, thereby making this lawsuit ripe for adjudication.

---

[1] "A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

[2] "The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section." 28 U.S.C. § 2675(a).

## NEGLIGENCE OF THE UNITED STATES POSTAL SERVICE

7.      On or about August 22, 2024, Plaintiff ORYSIA POPADYUK was operating a motor vehicle traveling on Ponce De Leon Blvd. in Sarasota County, Florida.

8.      At that time and place, the United States Postal Service owned and operated a motor vehicle traveling on Ponce De Leon Blvd. in Sarasota County, Florida.

9.      At that time and place, the United States Postal Service, by and through their employee driver, negligently operated and/or maintained the motor vehicle so that it collided with the motor vehicle occupied by the Plaintiff.

10.     As a direct and proximate result of the United States Postal Service's negligence, Plaintiff, ORYSIA POPADYUK suffered bodily injury including a permanent injury to the body as a whole, pain and suffering of both a physical and mental nature, disability, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of an existing condition, expenses of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life. The losses are either permanent or continuing and Plaintiff will suffer the losses in the future. Additionally, Plaintiff's motor vehicle suffered property damage, diminished value, and she otherwise suffered property loss of use.

**WHEREFORE,** Plaintiff, ORYSIA POPDYUK, demands judgment for damages of $120,000.00 against Defendant, interest, costs of this action and other such relief deemed proper by the Court.

/s/ Rob K. Roy
ROB K. ROY, ESQUIRE
Florida Bar No.: 967165
BOOHOFF LAW, PA
829 West Martin Luther King Jr. Blvd.
Tampa, Florida 33603
Telephone: (813) 321-7878
Facsimile: (813) 422-5311
Primary Email: service@boohoffpa.com
Secondary Email: rroy@boohofflaw.com
Tertiary Email: ivega@boohofflaw.com
*Attorneys for Plaintiff*

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse.) Number, Street, City, State and Zip code. |
|---|---|
| USPS Tort Claims<br>11902 North Florida Avenue<br>Tampa, FL 33612 | Orysia Popadyuk<br>c/o Boohoff Law<br>829 W. MLK Jr. Blvd.<br>Tampa, FL 33603 |

| 3. TYPE OF EMPLOYMENT<br>☐ MILITARY  ☒ CIVILIAN | 4. DATE OF BIRTH<br>01/31/1990 | 5. MARITAL STATUS<br>Married | 6. DATE AND DAY OF ACCIDENT<br>08/22/2024    Thursday | 7. TIME (A.M. OR P.M.)<br>01:25 P.M |
|---|---|---|---|---|

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.)

On August 22nd, 2024, Nicholas M. Brockriede was a driver of the mail truck style vehicle owned by the United States Postal Service that struck the rear of Mrs. Popadyuk's vehicle. The collision resulted in Mrs. Popadyuk sustaining significant personal injuries, emotional and property damage.

| 9. | PROPERTY DAMAGE |
|---|---|

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

NA

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

2015 Audi A6 Damage to rear end

| 10. | PERSONAL INJURY/WRONGFUL DEATH |
|---|---|

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Ms. Popadyuk is pursuing a claim for personal injuries. She has injury to her back, neck, radiculopathy and continues to suffer in pain daily. Please see attached demand letter that outlines her injury severity as well as the corresponding medical records and bills.

| 11. | WITNESSES | |
|---|---|---|
| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
| NA | NA |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| 20,000.00 | 100,000.00 | | 120,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side).<br>*Jacob Spath* (Attorney for Claimant) | 13b. PHONE NUMBER OF PERSON SIGNING FORM<br>877-999-9999 | 14. DATE OF SIGNATURE<br>1/23/2025 |
|---|---|---|

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

| Authorized for Local Reproduction<br>Previous Edition is not Usable<br>95-109 | NSN 7540-00-634-4046 | STANDARD FORM 95 (REV. 2/2007)<br>PRESCRIBED BY DEPT. OF JUSTICE<br>28 CFR 14.2 |
|---|---|---|



# EXHIBIT 1

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  [X] Yes   If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  [ ] No

Mendota Insurance: 8600 N.W. 17th St, Ste 201, Doral, FL 33126
Policy: FL0060094M
Claim #: 335-24-00636017A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  [X] Yes  [ ] No | 17. If deductible, state amount.

Ms. Popadyuk's policy does not carry collision coverage for her motor vehicle and therefore is unable to pursue a property damage claim with her own carrier.

0.00

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).
A PIP claim was opened only as she does not carry collision coverage to cover her property damage.

19. Do you carry public liability and property damage insurance?  [X] Yes   If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  [ ] No

Mendota Insurance
8600 NW 17th St.
Suite 201, Doral, FL 33126

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.**

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A <u>SUM CERTAIN</u> FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN <u>TWO YEARS</u> AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A.  *Authority:*  The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B.  *Principal Purpose:*  The information requested is to be used in evaluating claims.
C.  *Routine Use:*  See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D.  *Effect of Failure to Respond:*  Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

STANDARD FORM 95 REV. (2/2007) BACK



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

UNITED STATES POSTAL SERVICE
TORT CLAIMS
11902 North Florida Avenue
Tampa, FL 33612

9590 9402 8610 3244 9220 65

2. Article Number (Transfer from service label)

9589 0710 5270 1277 2131 90

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____
☐ Agent
☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery
   20)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt